

**FILED**
DEC 11 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

| | | |
|---|---|---|
| GREG LEWANDOWSKI, | * | CIV. 07-4159 |
| | * | |
| Plaintiff, | * | AMENDED |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| S.W.S.T. FUEL, INC.; | * | |
| SISSETON WAHPETON OYATE | * | |
| CHILD PROTECTION PROGRAM; | * | |
| EMPLOYERS MUTUAL CASUALTY | * | |
| COMPANY; and AUTO OWNER'S | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Plaintiff, Greg Lewandowski, an inmate at the South Dakota State Penitentiary, filed a pro se complaint referencing the Federal Tort Claims Act, 42 U.S.C. § 1983, and a wrongful death cause of action with regard to the death of his children that resulted from a house fire where his children lived while in foster care. Defendant Employers Mutual Casualty Company moved for summary judgment. Doc 18. Defendants Auto Owner's Insurance Company, S.W.S.T. Fuel, Inc., and Sisseton Wahpeton Oyate Child Protection Program filed motions to dismiss. Doc. 27, 37. For the reasons set forth in this Memorandum Opinion, the motion for summary judgment and motions to dismiss will be granted.

## BACKGROUND

Travis Lewandowski and Tiffany Lewandowski, children of Plaintiff, had been temporarily placed in the Marlys Robertson home as foster children by the Sisseton-Wahpeton Oyate Child Protection Program. On January 15, 2005, a fire occurred in the Robertson home in Waubay, South Dakota, after the bedding or blanket of a foster child was ignited by a nearby propane heater. Travis Lewandowski and Tiffany Lewandowski died as a result of the fire at the Robertson home.[1] On October 5, 2006, the Fifth Judicial Circuit, in Day County, South Dakota, terminated the appointment of Plaintiff as personal representative of the estate and appointed Jason Campbell to replace Plaintiff

---

[1]Two other Indian children were killed and two other Indian children were injured as a result of the fire.

as Personal Representative of the Estates of Travis and Tiffany Lewandowski.

The Personal Representative of the estate of the Lewandowski children brought a wrongful death and survival action in Sisseton-Wahpeton Sioux Tribal Court in November of 2006. This action was consolidated for purposes of considering motions with an action brought by the Personal Representative of the other two children who died in the same fire. The named Defendants in this action as well as the Sisseton Wahpeton Oyate Tribe were named Defendants in the tribal court action. The Plaintiffs in that action alleged that the foster care provider was licensed to care for fewer children than the number of children placed with her by the Sisseton-Wahpeton Oyate Child Protection Program at the time of the fire. The Plaintiffs also alleged that the propane heater in issue had recently been worked on by S.W.S.T. Fuel, Inc., and had been left without a protective covering. The Plaintiffs contended that the alleged negligence of the Sisseton-Wahpeton Oyate Child Protection Program and that of the S.W.S.T. Fuel, Inc., either individually or in combination , caused the deaths of the children. In August of 2007 the tribal court granted summary judgment in favor of the Tribe, S.W.S.T. Fuel, Inc., and its insurer, Employer's Mutual Insurance Company, and denied summary judgment to Sisseton-Wahpeton Oyate Child Protection Program and its insurer Auto Owner's Insurance Company. The case was appealed to the Northern Plains Inter-Tribal Court of Appeals. As of the date of this opinion, the appeal is still pending before the Northern Plains Inter-Tribal Court of Appeals.

Mr. Campbell, as personal representative of the Estate of the children, also filed with the United States Department of the Interior for an administrative determination under the Federal Tort Claims Act (FTCA). On March 30, 2007, The Office of the Field Solicitor for the Department of Interior issued an administrative determination denying the claim on the basis that the claim failed to establish that a federal employee or tribal employee covered by the FTCA committed a negligent or wrongful act cognizable under the FTCA. It appears that the Administrative determination was received by the Personal Representative on April 3, 2007.

Plaintiff, not the personal representative of the Estate of the children, filed this action in federal district court on October 30, 2007. It also appears from documents filed by Plaintiff that Plaintiff brought an action in state court and then requested that the case be dismissed. Doc. 47.

Principles of Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be

entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. FED. R. CIV. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. FED. R. CIV. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Motions to Dismiss

Although a court, in considering a motion to dismiss, must accept as true factual allegations in a plaintiff's complaint, it need not accept as true the plaintiff's legal conclusions, even if they are cast in the form of factual allegations or go to the merits of the suit. *Ashley v. United States Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005). In determining a motion to dismiss this Court may consider documents attached to the Complaint and matters of public and administrative record referenced in the Complaint. *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 990 (8th Cir. 2007).

The Federal Tort Claims Act Cause of Action

The Defendants challenge Plaintiff's FTCA cause of action on several grounds. Plaintiff has not named the United States as a Defendant. Further, Plaintiff does not allege that he is the personal representative of his children's estates, and the documents Plaintiff presents as part of his Complaint

3

disclose that he was replaced by Jason Campbell as personal representative of the children's estates. South Dakota Law requires that a wrongful death action "be brought in the name of the personal representative of the deceased person." S.D.C.L. § 21-5-5. However, even if these issues would not prohibit Plaintiff proceeding with the FTCA cause of action, and if the agency erred in determining that the matter should not proceed under the FTCA,[2] the action is still barred as untimely by 28 U.S.C.A. § 2401(b). This statute provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The March 30, 2007, administrative denial of the tort claim submitted by the Personal Representative of Plaintiff's children was received by the Personal Representative on April 3, 2007. Plaintiff's Complaint, which was filed on October 30, 2007, was signed on October 26, 2007. This is well after the six-month deadline for commencing the FTCA action.

### The 1983 Cause of Action

Although Plaintiff references a civil rights cause of action under 42 U.S.C. § 1983, he has not alleged facts sufficient to establish a cause of action under 42 U.S.C. § 1983.[3] After liberally construing the 59 pages of documents submitted in this pro se Complaint, this Court cannot identify any allegation that any of the Defendants were "acting under color of state law." The traditional definition of that element "requires that the defendant in a § 1983 action have exercised power

---

[2] If the action should proceed under the FTCA, the tribal court would not have jurisdiction over the matter since federal courts have exclusive jurisdiction over claims implicating the Federal Tort Claims Act. *See* 28 U.S.C.A. §§ 1346(b), 2679(b)(1).

[3] 42 U.S.C. § 1983 provides in part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... ."

4

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins*, 487 U.S. 42, 49(1988) (quoting *United States v. Classic*, 313 U.S. 299, 326(1941)). No state law has been alleged to have been linked to the facts leading up to the fire and deaths of the children. Although footnote 3 to the Sisseton-Wahpeton Oyate Tribal Court opinion attached to Plaintiff's Complaint asserts that the Child Protection program is partially funded by a cooperative agreement with the State of South Dakota, that fact does not establish state action sufficient to support a 1983 cause of action, and this cause of action must be dismissed.

Causes of Action Asserted in Tribal Court

In liberally construing Plaintiff's Pro Se Complaint, the Court assumes that Plaintiff is asserting the same theories of liability as those set forth in the tribal court action arising out of the same factual pattern. These theories of liability were discussed in th.+
0e tribal court opinion that was attached as part of Plaintiff's pro se complaint.

In the tribal court action the tribal court found that the Child Protection Program was partially funded by the Indian Self-Determination Act contract with the Department of Interior and that the Sisseton-Wahpeton Oyate Tribe's contract with the Department of Interior compels it to maintain insurance so as to indemnify its Child Protection Program for its losses. The tribal court cited to 25 U.S.C. 450f ( c)[4] which the tribal court interpreted as prohibiting an insurance carrier from invoking

---

[4]The statute provides in part:
>    (c) Liability insurance; waiver of defense
>
>    (1) Beginning in 1990, the Secretary shall be responsible for obtaining or providing liability insurance or equivalent coverage, on the most cost-effective basis, for Indian tribes, tribal organizations, and tribal contractors carrying out contracts, grant agreements and cooperative agreements pursuant to this subchapter. In obtaining or providing such coverage, the Secretary shall take into consideration the extent to which liability under such contracts or agreements are covered by the Federal Tort Claims Act.
>
>    (2) In obtaining or providing such coverage, the Secretary shall, to the greatest extent practicable, give a preference to coverage underwritten by Indian-owned economic enterprises as defined in section 1452 of this title, except that, for the purposes of this subsection, such enterprises may include non-profit corporations.

the defense of sovereign immunity if a policy of insurance is obtained by the United States Department of Interior or the Department of Health and Human Services for an Indian tribe that has contracted to provide services under the Indian Self-Determination and Education Assistance Act (ISDEA). The tribal court reasoned that the intent of the applicable federal law was to relieve the United States of its obligation to pay monetary damages to persons and entities injured by the negligence of ISDEA contractors by shifting those obligations to private insurance companies. The tribal court held the language of 25 U.S.C. 450f ( c) to be binding on both the Child Protection Program and Auto-Owner's Insurance. The tribal court then concluded that Congress has abrogated the immunity of the Defendant Child Protection Program from the suit presented to it and that the Auto-Owner's Insurance must indemnify its insured for any losses caused by the negligence of the Child Protection Program if such could be proven at trial. The tribal court acknowledged conflict within the Indian Self-Determination and Education Assistance Act in that there is a basis for contending that the Act contemplates that the FTCA applies to the performance of functions authorized by the Act. *See* 25 U.S.C. § 450f note. The tribal court further acknowledged that if the FTCA applies, only the federal district court has jurisdiction over the cause of action. The tribal concluded, however, that if the alleged negligence of the Child Protection Program fell within the discretionary function exception to the FTCA, the FTCA would not be applicable and tribal court would not be barred from hearing the case.

Since the tribal court determined that the S.W.S.T. Fuel, Inc., was not performing a function under an ISDEA contract and that the S.W.S.T. Fuel, Inc., was a tribal instrumentality shielded by immunity, the tribal court granted the motions to dismiss of the S.W.S.T. Fuel, Inc., and its insurer, Employer's Mutual Insurance Company. The case has been appealed to the Northern Plains Intertribal Court of Appeals. At this time no decision has been handed down by this tribal Court of Appeals.

In addition to arguing that sovereign immunity prohibits this action against them, Defendants

---

(3)(A) Any policy of insurance obtained or provided by the Secretary pursuant to this subsection shall contain a provision that the insurance carrier shall waive any right it may have to raise as a defense the sovereign immunity of an Indian tribe from suit, but that such waiver shall extend only to claims the amount and nature of which are within the coverage and limits of the policy and shall not authorize or empower such insurance carrier to waive or otherwise limit the tribe's sovereign immunity outside or beyond the coverage or limits of the policy of insurance.

S.W.S.T. Fuel, Inc., and Sisseton Wahpeton Child Protection contend that this Court lacks subject matter jurisdiction over the claims against them in this matter. This Court agrees that diversity jurisdiction is not available here because Indian tribes and tribal agencies are neither Foreign states nor Citizens of any state for purposes of 28 U.S.C. § 1332. Federal question jurisdiction can exist, however, under 28 U.S.C. § 1331 if Plaintiff's action can state a claim arising under federal law. *See Gaming World International, LTD., v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003).

A claim is considered to have arisen under federal law if a federal cause of action appears on the face of a well-pleaded complaint. *Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 487 F.3d 1129,1131 (8th Cir. 2007)(citing *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41 (1989)). Under the well-pleaded complaint rule, the existence of a federal cause of action depends upon the plaintiff's claim rather than any defense that may be asserted by a defendant. *Id.* For the purpose of 1331 jurisdiction, a case does not "arise under" the laws of the United States "unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends."*Longie v. Spirit Lake Tribe,* 400 F.3d 586, 589 (8th Cir. 2005)(quoting *Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912)). The interpretation of 25 U.S.C. 450f ( c) and the propriety of the jurisdiction of the tribal court are at issue in the case which was before the tribal court and which is on appeal to the Northern Plains Intertribal Court of Appeals. Significantly, the interpretation of federal law is central in the resolution of cases that involve the question of whether a tribal court has exceeded its jurisdiction. *National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 851(1985);*Gaming World International*, 317 F.3d at 848. Even if federal question jurisdiction exists in this case, however, this Court must still decline to consider this case when the tribal court system has not yet had an opportunity to resolve the issues presented in the tribal action. *See Auto-Owners Ins. Co. v. Tribal Court of the Spirit Lake Indian Reservation*, 495 F.3d 1017, 1021 (8th Cir.2007)("even where a federal question exists, due to considerations of comity, federal court jurisdiction does not properly arise until available remedies in the tribal court system have been exhausted").

Tribal courts play a vital role in tribal self-government, and the Federal Government has a longstanding policy directed at encouraging tribal self-government. *See Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 14-15 (1987).This federal policy of supporting tribal self-government "directs

7

a federal court to stay its hand in order to give the tribal court a 'full opportunity to determine its own jurisdiction.'" *Id.* at 16 (quoting *National Farmers Union Ins. Cos.*, 471 U.S. 845 at 857). Proper respect for tribal legal institutions requires allowing them to fully consider the issues before them and to rectify any error by utilizing their appellate system. *See Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. at 16-17. Because this Court is requiring the exhaustion of tribal remedies, this Court is dismissing without prejudice the causes of action relying on the legal theories set forth in the tribal court action arising out of the same factual pattern as presented in the case at hand. Accordingly,

**IT IS ORDERED** that the motion for summary judgment and motions to dismiss are granted with regard to Plaintiff's FTCA and Section 1983 civil rights causes of action, and that the causes of action which have been presented in tribal court are dismissed without prejudice.

Dated this 11th day of December, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Colleen Shulte
(SEAL)   DEPUTY